IN THE CIRCUIT COURT OF MARYLAND FOR MONTGOMERY COUNTY

ROBIN PROCTOR
1430 Smith Village Road
Silver Spring, Maryland 20904

    Plaintiff

v.

SAFEWAY
4701 Sangamore Road
Bethesda, Maryland 20816

Serve: The United States Corporation
Company, Resident agent
7 Street Paul Street, Suite 1660
Baltimore, Maryland 21202

    Defendant

Case Number: _____

## COMPLAINT

COME NOW, the Plaintiff, Robin Proctor, by and through her attorney, John Moody, Esquire, and brings action against the Defendant, Safeway, and in support thereof, states as follows:

1. That on or about January 16, 2013, the Plaintiff, Robin Proctor, while avoiding a falling detergent container slipped on spilled liquids, and fell on the floor located on Defendant, Safeway's premises.

2. That Defendant, Safeway, had a duty to protect business invitees and failed to keep the items on its shelves secured from falling, and


EXHIBIT A

resulted in the fall and injury of Plaintiff. At same date and time Defendant should have kept its shelves orderly and safe for customers on its premises.

3. That as a result of the Defendant's breaching duty to Plaintiff, Robin Proctor, was caused to sustain serious, painful, and permanent bodily injuries. She was forced to seek out medical treatment for the care of the injuries. She was caused to incur medical bills and expenses as a result of the medical treatment rendered. Furthermore, Plaintiff was caused to endure conscious pain, suffering, and mental anguish.

4. That all of Plaintiff's losses and injuries are a direct result of the breach of duty owed by the Defendant, to the Plaintiff, as a result of the negligence of the Defendant. Specifically, the Defendant failed to maintain the items on its shelves, and to prevent the items from falling and spilling on the floor on its premises. Defendant failed to fulfill its responsibility and duty of maintaining safe conditions on its property.

5. The Plaintiff did not contribute to her injuries.

6. The Plaintiff did not assume risk of her injuries.

WHEREFORE, the Plaintiff, Robin Proctor, seeks compensatory damages against the Defendant, Safeway, in the amount of TWO HUNDRED AND FIFTY THOUSAND DOLLARS ($250,000.00), post-judgment interest, and cost associated with this action.

Respectfully submitted,

*[signature]*

John A. Moody, Esquire #4021
101 North Adams Street
Rockville, Maryland 20850
Attorney for Plaintiff

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

ROBIN PROCTOR )
)
)
        Plaintiffs, )
vs. ) Case No. 400117V
)
SAFEWAY, INC. )
)
        Defendant. )

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SAFEWAY, INC.

COMES NOW Defendant Safeway, Inc. (hereinafter "Defendant"), by and through its attorneys, Justin M. Cuniff, Matthew B. Cassilly, and Setliff & Holland, P.C., and files its Answer and Affirmative Defenses (hereinafter "Answer") in response to Plaintiff's Complaint as follows:

### GENERAL DENIAL OF LIABILITY

Pursuant to Maryland Rule 2-323(d), Defendant generally denies all liability.

### FIRST DEFENSE
(Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
(Contributory Negligence)

If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

### THIRD DEFENSE
(Assumption of the Risk)

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.



## FOURTH DEFENSE
### (Intervening Causation)

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

## FIFTH DEFENSE
### (Intervening Act by Third Parties)

Plaintiff's alleged damages were directly and proximately caused by the acts of omission and/or commission on the part of third parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendant.

## SIXTH DEFENSE
### (Intervening Act by Unidentified Third Parties)

Plaintiff's damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of unknown and/or unnamed third persons or entities over whom Defendant exercised no authority, dominion or control.

## SEVENTH DEFENSE
### (Causation)

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

## EIGHTH DEFENSE
### (Active Negligence v. Passive Negligence)

Even if Defendant is found negligent, which is expressly denied, such negligence was passive or secondary, and Defendant is not liable to Plaintiff for her alleged damages and injuries, if any, because of the active or primary negligence of Defendants/third-parties over whom Defendant had no control, whose negligence was not reasonably foreseeable and whose negligence was the direct and proximate cause of any of Plaintiff injuries or damages.

### NINTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery therefore is barred in whole or in part.

### TENTH DEFENSE
### (Estoppel, Fraud and Release)

Defendant asserts the defenses of estoppel, fraud, and release.

### ELEVENTH DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary parties.

### TWELFTH DEFENSE
### (Duty of Care)

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to the Plaintiff.

### THIRTEENTH DEFENSE
### (Denial of Allegations)

Defendant denies the allegations set forth in the Complaint.

### FOURTEENTH DEFENSE
### (Reservation of Affirmative Defenses)

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Safeway, Inc. requests that the Court dismiss Plaintiff's Complaint and award to it any further relief that the Court deems appropriate.

DATED this 25th day of February, 2015.

Respectfully submitted,

_____
Justin M. Cuniff, Esquire
Matthew B. Cassilly, Esquire
SETLIFF & HOLLAND, P.C.
One Park Place, Suite 265
Annapolis, Maryland 21401
Tel: (443) 837-6807
Fax: (443) 837-6808
jcuniff@setliffholland.com
mcassilly@setliffholland.com

*Counsel for Defendant Safeway, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of February, 2015, a copy of the foregoing Answer and Affirmative Defenses of Defendant Safeway, Inc. was sent via First-Class mail, postage prepaid, to:

>John A. Moody, Esq.
>101 North Adams Street
>Rockville, Maryland 20850
>
>*Counsel for Plaintiff*

>Justin M. Cuniff, Esquire
>Matthew B. Cassilly, Esquire
>SETLIFF & HOLLAND, P.C.
>One Park Place, Suite 265
>Annapolis, Maryland 21401
>Tel: (443) 837-6807
>Fax: (443) 837-6808
>jcuniff@setliffholland.com
>mcassilly@setliffholland.com
>
>*Counsel for Defendant Safeway, Inc.*

Case 8:15-cv-00518-PWG   Document 32-2   Filed 01/21/16   Page 9 of 9

Case 8:15-cv-00518-PWG   Document 19   Filed 10/23/15   Page 1 of 1
Case 8:15-cv-00518-PWG   Document 18-3   Filed 10/21/15   Page 1 of 1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBIN PROCTOR, | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 8:15-cv-00518-PWG |
| SAFEWAY, INC. | ) |
| Defendant. | ) |

### ORDER

Upon consideration of the Joint Motion To Modify Scheduling Order and for good cause shown, it is this _22-d_ day of _October_, _2015_, hereby

ORDERED, that the Second Joint Motion To Modify the Scheduling Order, is hereby GRANTED; and it is further

ORDERED that the Scheduling Order in this matter will be modified as follows:

| | |
|---|---|
| December 18, 2015 | Discovery deadline; submission of status report |
| December 28, 2015 | Requests for admission |
| January 18, 2016 | Dispositive pretrial motions deadline |

NO FURTHER EXTENSIONS.

_____
Paul W. Grimm
United States District Judge

