IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBIN PROCTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8:15-cv-00518-PWG |
| | ) |
| | ) |
| SAFEWAY, INC. | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

TO: Defendant Safeway, Inc.
c/o Justin M. Cuniff, Esq., BONNER, KIERNAN, TREBACH & CROCIATA, LLP, One Park Place, Suite 265, Annapolis, Maryland 21401

FROM: Plaintiff Robin Proctor
c/o John A. Moody, Esq., Rosalind Ray, Esq.
101 North Adams Street, Rockville, Maryland 20850

Plaintiff Robin Proctor (hereinafter "Plaintiff") by its undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby propounds the following Answers to Defendant's Request for Admissions to Defendant, Safeway, Inc. (hereinafter "Defendant" or "Safeway"), in accordance with the Instructions and Definitions set forth hereinafter.

These Instructions and Definitions should be construed to require answers/responses based upon the knowledge of, and information available to, the responding party as well as her agents and representatives. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced.

EXHIBIT E

## I. DEFINITIONS

1. <u>Plaintiff You/Your</u>: The terms "Plaintiff," "you," and "your", and any variants thereof, shall mean: Robin Proctor and any employees, representatives, agents, experts, investigators, attorneys, and other persons acting (or who acted) or are purporting to act (or who purported to act) on her behalf.

2. <u>Describe/Description</u>: The terms "Describe" or "Description" shall mean: (1) when used in reference to persons or the members of a class of persons to identify each individual person or member of a class and (2) when used in reference to a document to state the following as to each document:

   (a) the nature and contents thereof;

   (b) the date thereof;

   (c) the name, address and position of the author, signer or producer thereof;

   (d) the name, address and position of the addressee if any; and

   (e) the present location thereof and the name, present address and position of the person or persons having present custody thereof.

3. <u>Incident/Accident:</u> The terms "Incident" or "Accident" shall mean the events which gave rise to Plaintiff's claim as alleged in the Complaint.

4. <u>And/Or</u>: The terms "And" and "Or" shall be construed conjunctively and disjunctively to mean either "and" or "or", whichever shall be the more inclusive in the context in which it is used.

5. <u>Complaint:</u> The term "Complaint" shall mean the Plaintiff's Complaint and any amendments thereto.

6. <u>Defendant /Safeway</u>: The terms "Defendant" and/or "Safeway, Inc." and/or "Safeway" shall mean Safeway.

7. <u>Documents</u>: The term "Documents" shall mean every original (or an identical copy if the original is unavailable), and every copy which differs in any way from the original, of every writing, recording (e.g., photograph, videotape, and/or audiotape) or other tangible expression, whether handwritten, typed, drawn, sketched, printed, or recorded by any physical, mechanical, electronic, or electrical means whatsoever, and shall be construed to the fullest extent permitted under Federal law.

8. <u>Each/Any:</u> The term "Each" shall include the word "Every" and "Every" shall include the word "Each." "Any" shall include the word "All" and "All" shall include the word "Any."

9. <u>Healthcare Provider</u>: The term "Healthcare Provider" shall mean any person who Is, or has in the past, been licensed or certified in the health or mental care profession, including, but not limited to, physicians, doctors, surgeons, obstetricians, pediatricians, dermatologists, psychiatrists, psychologists, licensed nurse practitioners, clinical therapists, counselors, psychotherapists, physical therapists, occupational therapists, orthopedists, nurses, chiropractors, pharmacists, and/or any other practitioner of the healing arts, or any other person holding himself or herself out to be capable of the diagnosis and/or treatment of physical, psychological emotional or mental injuries.

10. <u>Number/Gender</u>: The use of the singular form of any word includes the plural, and vice versa. The use of the masculine includes the feminine, and vice versa.

11. <u>Person:</u> The term "Person" shall mean any natural person or any business, legal, or governmental entity or association.

12. <u>Relating to/Related to</u>: The terms "Relating to" and "Related to" shall mean, without limitation: containing; constituting; stating; setting forth; recording; describing; reflecting; interpreting; identifying; concerning; referring to; evidencing; confirming; supporting; contradicting; controverting; or in any way pertaining to, in whole or in part, that subject to which it refers or that contention to which it refers.

13. <u>State</u>: The term "State" shall mean to state specifically and in detail.

14. <u>Communications</u>: The term "Communications," as used herein, shall include, but shall not be limited to, written material, including but not limited to letters, correspondence, memoranda, minutes, notes, and buck slips, computer messages, recorded audio and/or video messages, and oral communications, including but not limited to meetings, conversations, conferences and telephone calls.

15. <u>Including</u>: The term "Including" means including without limitation.

16. <u>Subject Premises</u>: The term "Subject Premises" as used herein, shall refer to the Safeway Store located at 4701 Sangamore Road Bethesda, Maryland 20816.

17. <u>Subject Bottle</u>: The term "Subject Bottle" as used herein, shall refer to the bottle of liquid laundry detergent that Plaintiff alleges caused her to slip and fall when it fell from a shelf at the Subject Premises.

## II.   INSTRUCTIONS

1. <u>Scope</u>. The following Requests call not only for the knowledge of Plaintiff, but also for all knowledge that is available to Plaintiff by reasonable inquiry, including inquiry of her representatives, agents, employees, and, if not privileged, the its attorneys.

2. <u>Objections Generally</u>. If you object to discovery requests, you are still obligated under the Federal Rules of Civil Procedure to answer the Request.

3. <u>Duty to Supplement & Continuing Nature of Requests</u>. As specified by the Federal Rules of Civil Procedure, you are requested to supplement or amend your responses to these Interrogatories based on any and all information obtained after the filing of such responses.

4. <u>Applicable Time Period</u>. Unless otherwise indicated, these discovery requests refer to the time, place, and circumstances of the Incident described in the Complaint.

### III. REQUEST FOR ADMISSIONS

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, please admit or deny the following matters within thirty days of service. If Plaintiff denies a request for admission, please state the factual basis for the denial, including all information utilized or relied upon in making the denial:

1. Plaintiff does not allege that any injury and/or treatment to Plaintiff's left knee is causally related to the alleged Incident.

> **RESPONSE: DENY-**Plaintiff's left knee injuries are causally related to the incident.

2. Plaintiff is not asserting and/or seeking any damages related to the injury and/or treatment of her left knee.

> **RESPONSE: DENY-**Plaintiff is asserting and seeking any and all damages related to the injury to her treatment of her left knee.

3. The only medical treatment that Plaintiff is asserting is causally related to the alleged Incident is for the injury to her right ankle.

> **RESPONSE: DENY**
>
> The only lost wages that Plaintiff is asserting are causally related to the alleged Incident are for the work days that she missed from February 6, 2013 to March 1, 2013 as a result of surgery to her right ankle.

4. The walking surface of the aisle in which Plaintiff alleges she fell was in a safe condition prior to the Subject Bottle falling.

>**RESPONSE:** Plaintiff lacks sufficient knowledge or expertise to provide a response.

5. Plaintiff does not contend that the walking surface of the aisle in which she alleges she fell was in an unsafe condition prior to the Subject Bottle falling.

>**RESPONSE:** Plaintiff lacks sufficient knowledge or expertise to provide a response.

6. Plaintiff does not know who stocked the Subject Bottle.

>**RESPONSE: DENY.** Plaintiff believes an agent of Defendants stocked the shelves.

7. Plaintiff does not know when the Subject Bottle was stocked.

>**RESPONSE: DENY.** Plaintiff believes an agent of Defendants knows when the shelves were stocked.

8. Plaintiff does not know how the Subject Bottle was stocked.

>**RESPONSE:** Plaintiff lacks sufficient knowledge or expertise to provide a response.

9. Plaintiff does not know how to properly stock a bottle of liquid laundry detergent.

>**RESPONSE: DENY.** Plaintiff knows that bottles of liquid laundry detergent should not be stocked if there is the likelihood and possibility these items will fall on invitees.

10. Plaintiff does not know if the last person to alter the condition and/or position of the Subject Bottle prior to the alleged Incident was an agent and/or employee of Safeway.

>**RESPONSE:** Plaintiff did not stake out the aisle to see who was moving and/or placing items on the shelves.

11. Plaintiff does not know when the condition and/or position of the Subject Bottle was last altered prior to it falling.

>**RESPONSE:** Plaintiff did not inspect the subject bottle or the shelves prior to it falling on her.

12. Plaintiff does not know if the Subject Bottle was protruding over the edge of the shelf prior to it falling.

>**RESPONSE: DENY.** Plaintiff believes that the subject bottle had to be protruding otherwise it would not have fallen on her.

13. Plaintiff does not know how far the Subject Bottle was protruding over the edge of the shelf prior to it falling.

> **RESPONSE: DENY. This contradicts #12.** Plaintiff believes it was protruding far enough over the edge ultimately causing it to fall on Plaintiff.

14. Plaintiff does not know how long the Subject Bottle was in the allegedly dangerous condition prior to it falling.

> **RESPONSE:** Plaintiff did not inspect or time anything prior to the fall.

15. Plaintiff's fall and the Subject Bottle falling from the shelf occurred simultaneously.

> **RESPONSE: Unintelligible.** The product would have to fall first, hit the Plaintiff and then the Plaintiff fell when she was hit. Impossible to be simultaneous.

16. The Subject Bottle fell from the top shelf.

> **RESPONSE:** Plaintiff does not recall which shelf the Subject Bottle fell from.

17. The Subject Bottle fell as Plaintiff was **reaching** for an item on the top shelf.

> **RESPONSE: DENY.** Plaintiff was not reaching for an item on the top shelf, the item was already falling off the shelf as Plaintiff was turning back from placing basket on the floor.

18. The Subject Bottle fell as Plaintiff **was retrieving** an item from the top shelf.

> **RESPONSE: DENY.** Plaintiff was not retrieving an item from the top shelf.

19. The Subject Bottle fell as Plaintiff was **reaching** for an item adjacent to the Subject Bottle on the top shelf.

> **RESPONSE: DENY.** Plaintiff was not reaching for an item adjacent to the Subject Bottle on the top shelf.

20. The Subject Bottle fell as Plaintiff was **tasking** an item adjacent to the Subject Bottle from the top shelf.

> **RESPONSE: Unintelligible.**

Respectfully submitted,

/s/ *John Moody*
───────────────────
John Moody, Esq.
Rosalind Ray, Esq.
101 North Adams St.
Rockville, Maryland 20850
Tel. (301) 738-1314
Fax (301) 738-3709
johnamoody@gmail.com
rrrlegal@gmail.com

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ROBIN PROCTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil No: 8:15-cv-00518-PWG |
| v. | ) |
| | ) |
| SAFEWAY, INC., | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF SERVICE OF DISCOVERY

I HEREBY CERTIFY that on this 17th day of September, 2015, a copy of the foregoing Plaintiff's Response to Defendant's Request for Admissions to was sent via electronic mail and was mailed via First-Class mail, postage prepaid, to:

        Justin M. Cuniff, Esq.
        Matthew B. Cassilly, Esq.
        SETLIFF & HOLLAND, P.C.
        One Park Place
        Suite 265
        Annapolis, Maryland 21401
        Tel: (443) 837-6805
        Fax: (443) 837-6806
        *Counsel for Defendant, Safeway, Inc.*


        /s/ *John Moody*
        _____

        John A. Moody, Esq.
        Rosalind Ray, Esq.
        101 North Adams St.
        Rockville, Maryland 20850
        Tel.: (301) 738-1314
        Fax: (301) 738-3709
        johnamoody@gmail.com
        rrrlegal@gmail.com
        *Counsel for Plaintiff, Robin Proctor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of September, 2015, a copy of the foregoing Plaintiff's Response to Defendant's Request for Admissions to was sent via electronic mail and was mailed via First-Class mail, postage prepaid, to:

>Justin M. Cuniff, Esq.
>Matthew B. Cassilly, Esq.
>SETLIFF & HOLLAND, P.C.
>One Park Place
>Suite 265
>Annapolis, Maryland 21401
>Tel: (443) 837-6805
>Fax: (443) 837-6806
>*Counsel for Defendant, Safeway, Inc.*

>/s/ *John Moody*
>_____
>John Moody, Esq.
>Rosalind Ray, Esq.
>101 North Adams St.
>Rockville, Maryland 20850
>Tel.: (301) 738-1314
>Fax: (301) 738-3709
>johnamoody@gmail.com
>rrrlegal@gmail.com
>*Counsel for Plaintiff, Robin Proctor*